PER CURIAM:
Claimant brought this action for vehicle damage which occurred as a result of her vehicle striking a hole while traveling eastbound on W. Va. Route 34 in Putnam County. W. Va. Route 34 is a road maintained by respondent in Putnam County. The Court is of the opinion to award this claim for the reasons more fully set forth below.
The incident giving rise to this claim occurred on March 15, 2003, at approximately 9:00 p.m. On the clear evening in question, claimant was traveling eastbound on W. Va. Route 34 in her 1998 Volvo S90. W. Va. Route 34 is a two-lane road that is under construction to widen the roadway. Ms. Day was on her way home the evening of the incident, and she was driving around twenty-five to thirty miles per hour.
Claimant was proceeding down the road when her vehicle struck a hole that she did not see. Claimant’s vehicle sustained damage to both right side rims and one tire totaling $1,123.56.
The position of the respondent was that it did not have notice of the hole on W. Va. Route 34. Respondent admitted that the area in question had been prone to having holes along it due to on-going construction. Gordon Bowles, Transportation Crew Chief Supervisor 1 for Respondent in Putnam County, testified that the construction being done on W. Va. Route 34 was not being done by respondent, but was being performed by a contractor. Respondent attempted to patch any holes that its employees saw while traveling in the construction zones, traffic permitting. Mr. Bowles testified that there were no telephone calls regarding the hole in question in this claim. Mr. Bowles also testified that it is normal for a road under construction to be patched often because a road such as this one, that had been ground down and milled was more susceptible to holes. Respondent also sent inspectors out to the construction sites to ensure that the roads were passable for the traveling public. Respondent maintains that there was no prior notice to respondent of this hole on W. Va. Route 34.
It is a well-established principle that the State is neither an insurer nor a *175 guarantor of the safety of motorists upon its highways. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). To hold respondent liable, claimant must establish by a preponderance of the evidence that respondent had actual or constructive notice of the road defect at issue and a reasonable amount of time to take corrective action. Chapman v. Dept, of Highways, 16 Ct. Cl. 103 (1986); Pritt v. Dept. of Highways, 16 Ct. Cl. 8 (1985).
In the present claim, the Court is of the opinion that respondent failed to protect the traveling public. Respondent maintains inspectors that travel to construction sites to oversee a contractor’s maintenance of the roadways. In the instant claim, respondent was aware of the ongoing construction in the area, and was also aware that the roadway was more apt to have holes due to the construction and the condition of the road. Thus, the Court finds respondent negligent and claimant may make a recovery for the damage to her vehicle.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does award this claim in the amount of $1,123.56.
Award of $1,123.56.